UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
UNITED STATES OF AMERICA,

       -against-                  ORDER
                                  20-CR-0441(JS)

BRADLEY FRIEDLANDER,

                  Defendant.
--------------------------------------X
APPEARANCES

For Defendant:      Bradley Friedlander, Pro Se
                  72061-053
                  Victorville U.S. Penitentiary
                  Inmate Mail/Parcels
                  P.O. Box 3725
                  Adelanto, California  92301

For United States:  No Appearance


SEYBERT, District Judge:

        Currently before the Court is the unadorned Letter Motion of Defendant Bradley Friedlander ("Defendant") seeking a reduction of his 18-month sentence due to alleged hardships he is enduring in prison as a result of the Covid-19 pandemic ("Pandemic"). (See ECF No. 32.) The Court construes Defendant's request as a motion pursuant to the First Step Act (hereafter, the "Motion"). For the reasons that follow, the Motion is **DENIED** without prejudice.

<u>RELEVANT BACKGROUND</u>

        Defendant is currently imprisoned for a violation of his supervised release related to his underlying conviction for

conspiracy to distribute a controlled substance, with the sentence for said violation being 18 months' imprisonment and 12 months' supervised release.  (See Judgment, ECF No. 30.)  Until his guilty plea on the violation, Defendant had been housed in a Suffolk County Correctional Facility; however, once his violation sentence was imposed, Defendant was transferred to the custody of the Bureau of Prisons ("BOP"), which assigned Defendant to the Victorville U.S. Penitentiary (hereafter, "Victorville") located in Adelanto, California.  (See Motion, ECF No. 32.)

DEFENDANT'S MOTION

Defendant contends that due to the Pandemic, he: is in lockdown and permitted to leave his cell only three times per week, for 15-minute intervals, to shower; cannot make any phone calls; has no access to the commissary; caught Covid-19; and cannot participate in any BOP programs since they are not currently available.  (See id.)  Defendant also complaints that since arriving at Victorville, he has not received his (unidentified) medications.  (See id.)  Nor, Defendant contends, does the food meet BOP standards given their small portions, purportedly due to shortages.  (See id.)  He requests that his 18-month sentence be reduced to a sentence of one-year-plus-a-day.  (See id.)  Defendant fails to provide any evidence that he has exhausted – let alone pursued – any available administrative remedies to address his complaints.

DISCUSSION

I.   Sentence Reduction Under the First Step Act

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  United States v. Rabuffo, No. 16-CR-0148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020) (quoting United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020)).  The First Step Act, which modified 18 U.S.C. § 3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the BOP, or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Here:

> there is no evidence that Defendant made his compassionate release request [to have his sentenced reduced] to the warden, or otherwise began the process of seeking administrative relief, as is statutorily required.  In the absence of such evidence showing compliance with the First Step Act, Defendant's . . . Motion for compassionate release is DENIED without prejudice. See United States v. Sosa, No. 18-CR-0229, 2020 WL 4252683, at *1 (S.D.N.Y. July 24, 2020) (collecting cases). If Defendant (1) fully exhausts his BOP administrative remedies and receives an unfavorable disposition, or (2) submits a request to the prison warden, but does not receive a decision within the thirty days, Defendant may then properly seek judicial relief, which should include evidence of

compliance with the First Step Act's mandatory administrative exhaustion requirement.

United States v. Daley, No. 89-CR-0229, 2021 WL 327620, at *1 (E.D.N.Y. Feb. 1, 2021) (omitting footnote). Moreover, Defendant's bare-boned Motion fails to suggest that strict compliance with Section 3582(c)(1)(A) of the First Step Act would render exhaustion futile. See id. at note 1. Compare United States v. Rollins, 11-CR-0251, 2020 WL 1482323, at *2 (W.D.N.Y. Mar. 27, 2020) ("As serious as it is, the outbreak of COVID-19 simply does not override the statutory detention provisions.").

II.  Defendant's Other Complaints

To the extent Defendant has other complaints regarding his confinement at Victorville, his may address them to the BOP utilizing its Administrative Remedy Program, which allows an inmate to seek formal review of an issue relating to any aspect of his/her own confinement. See Fed. Bureau of Prisons, U.S. Dep't of Justice, Program Statement No. 1330.18, Admin. Remedy Program, 1(a) Purpose (Jan. 6, 2014), available at https://www.bop.gov/policy/progstat/1330_018.pdf.

[Remainder of Page Intentionally Left Blank.]

<u>CONCLUSION</u>

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion (ECF No. 32) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail Defendant a copy of this Order, including the notation "LEGAL MAIL" on the mailing envelope.

**SO ORDERED.**

_/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:  January _31_, 2022
        Central Islip, New York