```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

          -against-                          ORDER
                                             20-CR-0441(JS)
BRADLEY FRIEDLANDER,

                    Defendant.
----------------------------------------X
APPEARANCES

For Defendant:      Bradley Friedlander, Pro Se
                    72061-053
                    Victorville U.S. Penitentiary
                    Inmate Mail/Parcels
                    P.O. Box 3725
                    Adelanto, California   92301

For United States:  Anthony Bagnuola, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, New York   11722
```

SEYBERT, District Judge:

Currently before the Court is the second unadorned letter motion of pro se Defendant Bradley Friedlander ("Defendant") seeking compassionate release (hereafter, the "Compassionate Release Motion"). (ECF No. 34 at 2; cf. First Motion, ECF No. 32; see also Jan. 31, 2022 Order, ECF No. 33 (denying Defendant's First Motion, construed as a motion pursuant to the First Step Act).) The Government opposes the present

Motion,[1] in which the U.S. Probation Office ("Probation") joins. (See Opp'n, ECF No. 37, at 1.)  For the reasons that follow, the Compassionate Release Motion is **DENIED**.

RELEVANT BACKGROUND

I.  The Underlying Violation of Supervised Release ("VOSR")

Defendant is currently imprisoned for a violation of his supervised release related to his underlying conviction for conspiracy to distribute a controlled substance, with the sentence for said violation being 18 months' imprisonment and 12 months' supervised release.  (See Judgment, ECF No. 30.)  Notably, from the time Probation filed its initial five-count VOSR Report on October 14, 2020 until July 27, 2021, when Defendant plead guilty to violation of Charge 9 (see Judgment, ECF No. 30), Probation filed four supplemental VOSR Reports detailing additional criminal conduct by Defendant.  (See Opp'n at 2-4.)  Nonetheless, the Court sentenced Defendant to a below-Guidelines sentence, which he is currently serving.  Although Defendant had been serving this

---

[1] The Court notes the Government's Opposition was filed approximately a month after its response deadline and after the Defendant's deadline to file a reply, if any. (See Mar. 7, 2022 Elec. Scheduling Order ("The Government shall file and serve their response on or before 4/4/2022.  The defendant shall file and serve his reply, if any, on or before 4/25/2022." (emphases eliminated)).)  Nonetheless, the Opposition is considered herein. Further, more than six (6) weeks have passed since the Opposition was filed and serviced, but, to date, Defendant has not filed a reply.  (See Case Docket, in toto.)  Hence, the Court deems the Compassionate Release Motion fully-briefed.

sentence at Victorville U.S. Penitentiary (hereafter, "Victorville") located in Adelanto, California (see Opp'n at 4; see also Compassionate Release Motion), it appears Defendant may currently be at a Residential Reentry Center in New York. See Federal Bureau of Prisons ("BOP"): Find an Inmate, BOP Reg. No. 72061-053 (Bradley Friedlander) (identifying Defendant's location as "New York RRM"), https://www.bop.gov/inmateloc/ (last visited June 21, 2022). He has a scheduled release date of August 18, 2022. See id.

II. Defendant's First Motion

Defendant first moved for a reduction of his 18-month sentence "due to alleged hardships he [wa]s enduring in prison as a result of the Covid-19 pandemic ("Pandemic")." (Jan. 31, 2022 Order at 1.) "[T]he Court denied the [D]efendant's [First M]otion, without prejudice, finding that the record lacked any evidence that the [D]efendant exhausted his administrative remedies or attempted to do so, which is statutorily required." (Opp'n at 5 (citing Jan. 31, 2022 Order).)

II. Defendant's Present Compassionate Release Motion

Currently, Defendant asks for compassionate release because, while incarcerated, he has been subjected to lockdowns due to the Pandemic and various other incidents, e.g., an inmate having been found with a gun, murders at another facility, and fighting among inmates at Victorville. (See Compassionate Release

Motion at 1.)  He also complains of confinement conditions such as limited commissary visits, unavailability of any programs, and very limited yard time.  (See id.)  Defendant contends: he "put a compassionate release in to the Warden over 30 days ago and haven[']t heard anything back yet" (id.); and despite "approv[al] to be on the M.A.T. Program," he has not received the medication Suboxone to help with his drug addiction since his arrival at Victorville (id. at 2).  Defendant also states that despite his case manager's December 8, 2021 request for Defendant's placement into a halfway house, Defendant remains in Victorville.  (See id.)  If granted compassionate release, Defendant asserts he has viable employment "lined up as a forman [sic] at a pool company."  (Id.)

In his April 11, 2022 follow-up letter (see ECF No. 35), Defendant states he has submitted "BP8" and "BP9" forms regarding his "medication issues", presumable in accordance with the BOP's Administrative Remedy Program.  (Id.; cf. Jan. 31, 2022 Order at 4 (informing Defendant that "[t]o the extent [he] has other complaints regarding his confinement at Victorville, he may address them to the BOP utilizing its Administrative Remedy Program").)  He also asserts that he has placed his request for his unidentified medications "on the computer and sick calls and cop-outs," but has not received any response to his requests.  (Id.)

DISCUSSION

I. Applicable Law

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Rabuffo, No. 16-CR-0148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020) (quoting United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020)). The First Step Act, which modified 18 U.S.C. § 3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the BOP, or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). "The statute imposes three independent, necessary requirements for release: exhaustion of remedies, existence of an extraordinary and compelling reason for sentence reduction, and that the § 3553(a) factors warrant reduction." United States v. Hunter, No. 21-1773, - F. App'x -, slip op. at 3 (2d Cir. June 24, 2022) (citing United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam)). "If any one requirement is not satisfied, the district court may deny the motion without considering the remaining requirements." Id. (citing Keitt, 21 F.4th at 72-73); cf. United States v. Torres, No. 16-CR-0500, 2022 WL 538323, at *2 (S.D.N.Y. Feb. 23, 2022)

("Before a compassionate-release motion can be considered on the merits, the defendant must exhaust administrative remedies." (quoting United States v. Williams-Bethea, 464 F. Supp. 3d 562, 565 (S.D.N.Y. 2020)).

If exhaustion is achieved, courts have discretion under the First Step Act to grant compassionate release when (1) there are "extraordinary and compelling reasons" that warrant a sentence reduction, (2) the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the sentence reduction "is supported by the factors set forth in 18 U.S.C. § 3553(a)." United States v. Canales, No. 16-CR-0212, 2020 WL 2319294, at *2 (S.D.N.Y. May 9, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Of import, district courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); see id. at 236 (finding that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants [as compared to those brought by the BOP], Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling"). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an

extraordinary and compelling reason.'" Id. at 237-38 (emphasis and alteration in original) (quoting 28 U.S.C. § 994(t)).

Even where extraordinary and compelling reasons exist, the Court must "consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) [F]actors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Davies, No. 17-CR-0057, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020) (citation omitted); see also United States v. Reid, No. 05-CR-05596, 2021 WL 837321, at * 4 ("Even if extraordinary and compelling reasons exist, they must outweigh the [Section] 3553(a) [F]actors to warrant sentence reduction." (citing 18 U.S.C. § 3582(c)(1)(A))). A defendant "bears the burden of showing that his release is justified." United States v. Patterson, No. 06-CR-0080, 2020 WL 3451542, at *1 (S.D.N.Y. June 23, 2020).

II. Application

   A. Failure to Exhaust

Here, despite his assertion that on an unspecified date, he requested compassionate release from the Warden and has not received a response (see Compassionate Release Motion at 1), "there is no evidence that Defendant made his compassionate release request [to have his sentenced reduced] to the warden, or otherwise began the process of seeking administrative relief, as is

Page 7 of 13

statutorily required." United States v. Daley, No. 89-CR-0229, 2021 WL 327620, at *1 (E.D.N.Y. Feb. 1, 2021) (emphasis added). As this Court instructed in Daley and as this Defendant was previously made aware, a defendant seeking compassionate release "should include evidence of compliance with the First Step Act's mandatory administrative exhaustion requirement." Daley, 2021 WL 327620, at *1 (emphasis added). (See also Jan. 31, 2022 Order at 3-4 (quoting Daley).) Yet, as the Government aptly argues: "Despite the Court's prior denial of a substantially similar motion for failing to satisfy the exhaustion requirement, the [D]efendant fails to offer any support for his claim that he has now done so." (Opp'n at 6.) Indeed, and in the absence of a reply, the record supports this conclusion. (See Case Docket, in toto.) It is unsurprising that, despite the opportunity to do so, Defendant has not submitted a reply especially in the face of the Government's further contention that, "according to an Attorney Advisor at FCI Victorville, the [D]efendant's claim is simply untrue; a search of the facility's records has revealed no request by the [D]efendant for compassionate release." (Id.) Nevertheless, as the Court ruled in denying Defendant's First Motion, "[i]n the absence of . . . evidence showing compliance with the First Step Act, Defendant's . . . Motion for compassionate release is DENIED without prejudice." (Jan. 31, 2022 Order at 3 (quoting Daley, 2021 WL 327620; further citation omitted); see also id. at 4

(further stating "Defendant's bare-boned Motion fails to suggest that strict compliance with Section 3582(c)(1)(A) of the First Step Act would render exhaustion futile").)

B. <u>The Merits of Defendant's Compassionate Release Motion</u>

Because Defendant has failed to establish exhaustion under the First Step Act, the Court need not consider the merits of his Motion. See <u>Keitt</u>, 21 F.4th at 73. However, even if the Court were to proceed to the merits of Defendant's request, relief would not be granted. Defendant has not presented any extraordinary and compelling reason for his early release. Rather, having carefully considered Defendant's submissions, the Court agrees with the Government that while:

> [D]efendant raised a host of complaints ranging from access to drug treatment programs to the portion sizes of his meals,[2] he glaringly omits any allegation that he is at increased risk of being re-infected with COVID-19 or becoming seriously ill if he does. To be sure, the [D]efendant's motion papers do not identify any alleged medical condition or risk factor that would favor his early release.

(Opp'n at 7.) Moreover, the Court is unpersuaded by Defendant's claims of being thwarted from participating in the M.A.T. drug treatment program for which he was allegedly approved and being deprived unspecified medications given the Government's

---

2 This complaint was raised in Defendant's First Motion. (<u>See</u> ECF No. 32.)

representations that "the staff at FCI Victorville has been unable to substantiate either of these claims." (Id. (stating further that Defendant "has not been approved to participate in the M.A.T. drug treatment program" and "a review of the facility's records has indicated that the [D]efendant's prescriptions are current and that there does not appear to be any unanswered complaints or sick calls pertaining to medicine allegedly being withheld").) Again, despite the opportunity to do so, in failing to reply, Defendant has not disputed this representation, which the Court has no reason to doubt and, therefore, accepts.

Similarly, to the extent Defendant complains of lockdowns, they are not unique to Defendant and "are a routine fact of life for incarcerated defendants and are hardly extraordinary." United States v. Pinto-Thomaz, No. 18-CR-579, 2020 WL 1845875, at *2 (S.D.N.Y. April 13, 2020) (rejecting § 3582 claim advanced, in part, on the basis of "unexpectedly 'harsh'" conditions of confinement); see also United States v. Wright, No. 10-CR-6128, 2021 WL 5109661, at *3 (W.D.N.Y. Nov. 3, 2021) (rejecting claim that Covid-19 lockdown conditions presented an extraordinary and compelling reason for compassionate release). Indeed, "generalized statements about the conditions of confinement do not constitute extraordinary or compelling reasons for compassionate relief." United States v. Davidson, No. 15-CR-288, 2022 WL 484829, at *3 (S.D.N.Y. Feb. 17, 2022) (denying

compassionate relief where defendant alleged, inter alia, the Pandemic had resulted in "no programming at all, no access to mental health, very limited medical care, long periods without any rec and extended periods of lockdown") (collecting cases).  In sum, even in the aggregate, Defendant has not presented extraordinary and compelling circumstances warranting his qualification for compassionate release.  See, e.g., Gotti, 433 F. Supp. 3d at 615.

Assuming arguendo Defendant had established extraordinary and compelling circumstances (which he has not), his complained-of circumstances would not override consideration of the Section 3553(a) Factors, which, in any event, Defendant fails to address.  Cf. Gotti, 433 F. Supp. 3d at 615.  ("The court confronted with a compassionate release motion is still required to consider all the Section 3553(a) [F]actors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) [F]actors override, in any particular case, what would otherwise be extraordinary and compelling circumstances.").  Rather, consideration of the Section 3553(a) Factors underscores that compassionate release is not warranted in this instance.  See, e.g., United States v. Lindo, No. 15-CR-0854, 2020 WL 5038766, at *2 (S.D.N.Y. Aug. 26, 2020) ("Indeed, factors such as 'the nature and circumstances of the offense and the history and

characteristics of the defendant' and 'the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct' weigh against [Defendant]'s release."). As the Government astutely states:

> [T]he Court's sentence reflected the seriousness of [Defendant's] conduct in repeatedly engaging in new criminal activity, first while serving a term of supervised released following a serious drug trafficking offense and then on a continuing basis throughout the instant proceedings. The [D]efendant fails to demonstrate how his early release would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Nor does he attempt to explain how his early release from a below-Guidelines sentence would send a message of deterrence to others contemplating similar acts. Under all the facts and circumstances of the case, this Court concluded that an 18-month sentence was sufficient but not greater than necessary to comply with § 3553(a)'s mandate. Nothing in the [D]efendant's [Compassionate Release M]otion compels a different result or otherwise justifies release at this time.

(Opp'n at 8 (citing 18 U.S.C. § 3553(a)(2)(A)).) Based upon the record before it, the Court agrees.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Compassionate Release Motion (ECF No. 34) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail Defendant a copy of this Order, including the notation "LEGAL MAIL" on the mailing envelope, to Defendant's address of record.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June _24_, 2022
       Central Islip, New York